MATTHEW H. MARMOLEJO (SBN 242964)
MAYER BROWN, LLP
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500
Facsimile: (213) 625-0248
Email: mmarmolejo@mayerbrown.com

*Attorneys for Plaintiffs New Cingular Wireless PCS, LLC d/b/a AT&T Mobility and Pacific Bell Telephone Company d/b/a AT&T California*

[Additional Parties and Counsel Appear on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NEW CINGULAR WIRELESS PCS, LLC d/b/a AT&T MOBILITY, a Delaware limited liability company; PACIFIC BELL TELEPHONE COMPANY d/b/a AT&T CALIFORNIA, a California corporation; CALIFORNIA CABLE & TELECOMMUNICATIONS ASSOCIATION, a 501(c)(6) exempt trade association; COMCAST PHONE OF CALIFORNIA, LLC, a Delaware limited liability company; COX CALIFORNIA TELCOM, LLC, a Delaware corporation; CTIA – THE WIRELESS ASSOCIATION®, a District of Columbia non-profit corporation; CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, a Delaware general partnership; MCI COMMUNICATIONS SERVICES, INC., a Delaware corporation,<br><br>      Plaintiffs,<br><br>v.<br><br>MICHAEL PICKER, President of the California Public Utilities Commission, in his official capacity; MIKE FLORIO, Commissioner of the California Public Utilities Commission, in his official capacity; CARLA J. PETERMAN, Commissioner of the California Public Utilities Commission, in her official capacity; LIANE M. | CASE NO.<br><br>**COMPLAINT FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, PERMANENT INJUNCTION, AND DECLARATORY JUDGMENT** |

- 1 -
COMPLAINT FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION,
PERMANENT INJUNCTION, AND DECLARATORY JUDGMENT

RANDOLPH, Commissioner of the California Public Utilities Commission, in her official capacity; CATHERINE J.K. SANDOVAL, Commissioner of the California Public Utilities Commission, in her official capacity;  and KARL BEMESDERFER, Administrative Law Judge with the California Public Utilities Commission, in his official capacity,

Defendants.

## INTRODUCTION

1.  The California Public Utilities Commission ("CPUC") has demanded that many of the Plaintiffs and their affiliates disclose to third parties competitively sensitive data in ways that conflict with federally mandated confidentiality protections.  Federal Communications Commission ("FCC") rules require providers of Voice over Internet Protocol ("VoIP"), broadband, wireless voice telephony, traditional voice telephony, and related wholesale services periodically to collect and report specific information to the FCC.  But the FCC has long recognized that effective competition requires that much of this information remain confidential.  The FCC has, therefore, refused to share this confidential information with any state public utility commission unless that commission agrees to abide by strict, FCC-prescribed confidentiality rules, even when those federal rules conflict with state law.

2.  But the CPUC now insists that certain Plaintiffs, which provide these services in California and which the CPUC ordered to participate in the underlying proceeding, and their affiliates disclose this information to third parties through discovery requests, in clear violation of those FCC rules.  As part of an ongoing "ratesetting" proceeding, the Assigned Commissioner and Assigned Administrative Law Judge ("AC/ALJ") at the CPUC have granted a motion to compel these Plaintiffs and their affiliates to reveal this confidential information through party discovery, without any opportunity for them to obtain review of that decision from the full CPUC, let alone from a court.  The AC/ALJ's ruling violates the Supremacy Clause of the United States Constitution, exceeds the

1  CPUC's power, and violates these Plaintiffs' commercial privacy interests in violation of the Fourth Amendment.

3.  If these Plaintiffs and their affiliates are compelled to disclose this confidential information, they will permanently lose a portion of their investments in, and the value they gain from, retaining its confidentiality with respect to this proceeding.  Further, if they are compelled to disclose this information based solely on the AC/ALJ's ruling, they will permanently lose their constitutional right to precompliance review before a neutral decisionmaker with respect to this proceeding.  Certain of these Plaintiffs have repeatedly sought reconsideration from the full CPUC; however, the Assigned Commissioner and ALJ summarily denied all outstanding motions for reconsideration without bringing any of the motions to the full CPUC for that body's review and consideration, ruling that the Plaintiffs had no right to interlocutory review.  Before filing this Complaint, certain Plaintiffs also filed an emergency motion requesting that the Assigned Commissioner or ALJ issue a stay of the ALJ's ruling on the motion to compel.  Neither the Assigned Commissioner nor the ALJ has addressed that motion.

4.  For these reasons, the Plaintiffs, including both participants in the underlying proceeding and others whose interests that proceeding affects, respectfully ask the Court to enter a temporary restraining order, preliminary injunction, and permanent injunction preventing enforcement of the rulings requiring disclosure to third parties and to issue a declaratory judgment decreeing that the Plaintiffs, their affiliates, and those whose interests they represent may maintain the confidentiality of this information in accordance with the requirements of federal law.

**PARTIES**

1.  Plaintiff New Cingular Wireless PCS, LLC d/b/a AT&T Mobility ("AT&T") is a Delaware limited liability company with its principal place of business in Georgia, and is registered to do business in California.

- 3 -
COMPLAINT FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION,
PERMANENT INJUNCTION, AND DECLARATORY JUDGMENT

2.     Plaintiff Pacific Bell Telephone Company d/b/a AT&T California ("Pacific Bell") is a California corporation and has its principal place of business in San Francisco, California. Pacific Bell is an incumbent local exchange carrier ("ILEC"), as defined by 47 U.S.C. § 251(h), and provides local exchange telecommunications services and exchange access services in California.

3.     Plaintiff California Cable & Telecommunications Association, ("CCTA") is a 501(c)(6) exempt trade association representing cable operators in California. CCTA is headquartered in Sacramento, California, and represents the cable industry before the State Legislature, State regulatory agencies, and state and federal courts.  CCTA's member companies provide video, voice, and broadband services in California.

4.     Plaintiff Comcast Phone of California, LLC ("Comcast Phone") is a Delaware limited liability company and has its principal place in Philadelphia, PA.  Comcast Phone is a local exchange carrier, as defined by 47 U.S.C. § 153(32), and provides telephone exchange and exchange access services in California.

5.     Plaintiff Cox California Telcom, LLC ("Cox Telcom") is a Delaware corporation, has its principal place of business in Lafayette, California. Cox Telcom is a competitive local exchange carrier ("CLEC") and provides local exchange and interexchange telecommunications services in California.

6.     Plaintiff CTIA – The Wireless Association® is a District of Columbia non-profit corporation with its principal place of business in Washington, D.C. CTIA represents all sectors of the wireless industry, including but not limited to providers of wireless services, and sellers of wireless services, including prepaid wireless services, handsets and accessories. Several of CTIA's members provide wireless voice and broadband services in California.

7.     Plaintiff Cellco Partnership d/b/a Verizon Wireless is a Delaware general partnership with its principal place of business in in New Jersey and is qualified to do business in California.

- 4 -
COMPLAINT FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, PERMANENT INJUNCTION, AND DECLARATORY JUDGMENT

DWT 29495552v1 0107080-000297

8.    Plaintiff MCI Communications Services, Inc. is a Delaware Corporation with its principal place of business in in New Jersey and is qualified to do business in California. MCI Communications Services, Inc. provides interexchange telecommunications services.

9.    Defendant Michael Picker is the President of the California Public Utilities Commission. Defendants Mike Florio, Carla J. Peterman, Catherine J.K. Sandoval, and Liane M. Randolph are Commissioners of the California Public Utilities Commission. Defendant Karl Bemesderfer is the ALJ assigned to this matter. All defendants are sued in their official capacities only. All defendants other than Judge Bemesderfer will be referred to collectively as the "CPUC." Judge Bemesderfer will be referred to as the "ALJ." The CPUC and the ALJ, as officials of the California Public Utilities Commission, conduct business at its headquarters in San Francisco, California, and its other offices in Los Angeles, California, and Sacramento, California.

## JURISDICTION AND VENUE

10.   This Court has jurisdiction over this case because it arises under federal law. *See* 28 U.S.C. § 1331. The Court also has jurisdiction over the Plaintiffs' second claim, which arises under the Fourth Amendment and 42 U.S.C. § 1983, under 28 U.S.C. § 1343(a).

11.   Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendants reside there and because some of the events giving rise to the Plaintiffs' claims occurred there.

## FACTUAL BACKGROUND
**Through its Form 477 Program, the FCC Collects Certain Confidential, Competitively Sensitive Data From the Plaintiffs**

12.   Congress has delegated broad rulemaking authority to the FCC to collect data that inform its regulatory efforts. *See generally* 47 U.S.C. §§ 154(i), 201, 214, 218-220, 251-252, 254, 303(r), 310, 332, 403, and 1302(b).

13.   The FCC has exercised that authority in creating Form 477, by which it regularly collects "uniform and reliable data" regarding broadband and voice deployment (that is, the

- 5 -
COMPLAINT FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, PERMANENT INJUNCTION, AND DECLARATORY JUDGMENT

availability and characteristics of a provider's services) and subscription (that is, rates of use by end users). *See Modernizing the FCC Form 477 Data Program*, 28 FCC Rcd. 9887, 9889-92, ¶¶ 6-13 (2013) ("*2013 Form 477 Order*"). Providers subject to Form 477, including the Plaintiffs, must disclose highly detailed data related to their mobile and fixed broadband, VoIP, and wireline and wireless telephone services. *See generally id.*

14. As the FCC has recognized, much of the disaggregated information contained in the Form 477 submissions to the FCC is highly competitively sensitive. For example, the information can allow a provider to tailor marketing and network-deployment strategies to quash nascent competition or defend strongholds. It also contains detailed information about its competitors' subscribers, identifying active broadband connections by location, service type (i.e., commercial or residential), speed, and facility type, as well as active VoIP subscriptions by location, type of connection, and type of last-mile facility. It also contains detailed information about its competitors' wireless spectrum deployment and subscriptions. A provider could use all of these data to gain an unfair advantage in the market.

15. Accordingly, the Plaintiffs invest in, and derive value from, keeping this information confidential. *See* Declarations filed in support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction.

**The FCC Withholds Form 477 Data From Any State Commission That Refuses to Abide by Federally Prescribed Confidentiality Protections**

16. The FCC has long acknowledged that the data it requires companies to submit on Form 477 is extremely competitively sensitive and therefore requires strict "limit[s]" on "disclosure." *2013 Form 477 Order*, 28 FCC Rcd. at 9896, ¶ 178 n. 201. Dating back to the inception of the program, the FCC has imposed confidentiality rules to protect these data and recognized "the potential for competitive harm that release of the gathered data could cause and, in particular, about the ability of competitors to take the data submitted and tailor market strategies to quash nascent

competition, protect areas that are being subjected to increased competition, or deploy facilities to defend strongholds." *Local Competition and Broadband Reporting*, 15 FCC Rcd 7717, ¶ 87 (2000).[1] Companies filing Form 477 can designate data as confidential by checking a box on the Form, or in some instances by requesting confidential treatment and explaining the reasons for that treatment. *See* 47 C.F.R. §§ 1.7001(2) & (3) & 0.459; *2013 Form 477 Order* ¶¶ 78-87.  Federal law limits the circumstances under which this information may be disclosed.  *See* 47 C.F.R. §§ 0.457, 0.459, 0.461, 1.7001(d); *see generally 2013 Form 477 Order.*

17. One such limitation governs the circumstances in which state commissions may obtain Form 477 data.  The FCC will only disclose Form 477 data to a state commission if that commission "has protections in place that would preclude disclosure of any confidential information."  *Id.* § 1.7001(d)(4)(i); *2013 Form 477 Order* ¶ 19.  A state commission must "formally declare to [the FCC] that [it is] willing and able to treat submitted information subject to restrictions on data release that are at least as stringent as federal requirements." *2004 Form 477 Order* ¶ 26.

18. The FCC requires state commissions that seek Form 477 data from the FCC to sign a standard form letter that binds the state commission to federal confidentiality standards:

> Pursuant to Section 0.291 of this Commission's rules, we grant you access to these data subject to your agreement to treat this information ***in accordance with procedural and substantive protections that are equivalent to or greater than those afforded under Federal confidentiality statutes and rules***, including the Freedom of Information Act (*see* 5 U.S.C. § 552(b)), the Trade Secrets Act (*see* 18 U.S.C. § 1905), and Sections 0.457, 0.459, and 0.461 of the Commission's rules (*see* 47 C.F.R. §§ 0.457, 0.459, 0.461), specifically including Section 0.461(d)(3). ***To the extent that Federal confidentiality statutes and rules impose a higher standard of confidentiality than state law, the state is required to adhere to the higher Federal standard.***

---

[1] *See also Local Telephone Competition and Broadband Reporting*, 19 FCC Rcd 22340, ¶¶ 24-26 & n. 56 (2004) ("*2004 Form 477 Order*") (recognizing similar concerns).

- 7 -
COMPLAINT FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, PERMANENT INJUNCTION, AND DECLARATORY JUDGMENT

> You have represented that you will be acting on behalf of the [name of state commission] and that, as such, you are willing and able to be bound by the aforementioned confidentiality rules and guidelines, as well as other related requirements stated herein. . . . ***Subject to the aforementioned restrictions and your signature on this letter affirming that these restrictions will be observed*** by you and the [name of state commission] generally, ***and also that the requested data will not be shared with any individuals who are not direct employees of the [name of state commission]***, we determine that the sharing of the requested information will not constitute "release" to the public within the meaning of the Freedom of Information Act. We, therefore, grant you access to the requested Form 477 data subject to the conditions specified above.

A copy of a sample Form 477 data sharing agreement ("Form 477 Data-Sharing Agreement") is attached as Exhibit 2 to the accompanying Declaration of Suzanne Toller in Support of Plaintiffs' Application for a TRO and Motion for Preliminary Injunction ("Toller Decl."). (. (emphases added).[2]

**As Part of an Ongoing Ratesetting Proceeding, the CPUC Has
Ordered Certain Plaintiffs and Their Affiliates to Reveal Form 477 Data But Refused
to Abide by the FCC's Confidentiality Protections**

19.  In November 2015, the CPUC began a ratesetting proceeding to "look at the state of competition today in the California telecommunications market, or markets, and assess whether it has produced just and reasonable prices." Order Instituting Investigation to Assess the State of Competition Among Telecommunications Providers in California at 13 (Toller Decl., Ex. 3) ("OII"). In that proceeding, the CPUC has sought information not only from providers of traditional voice telephony services, but also from any of their affiliates "providing Voice over Internet Protocol (VoIP), wireless, or broadband transmission service in California." OII at B-2 to B-3. To

---

[2] *See also* Federal Communications Commission, *Process for State Regulatory Commissions to Obtain State-Specific FCC Form 477 Data* (July 22, 2014, 12:00am), https://www.fcc.gov/general/process-state-regulatory-commissions-obtain-state-specific-fcc-form-477-data (providing this letter as a sample data-sharing agreement).

- 8 -
COMPLAINT FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION,
PERMANENT INJUNCTION, AND DECLARATORY JUDGMENT

accomplish this, the CPUC has ordered certain Plaintiffs and their affiliates to serve as respondents and parties to the proceeding.  The CPUC has claimed it seeks this information "as an exercise in good government, and in light of [the CPUC's] promise to monitor and inform [itself] about the State's telecommunications infrastructure."  OII at 22, Ordering Paragraph 4.

20. In particular, the CPUC sought to require these Plaintiffs and their affiliates to produce, among other information, Form 477 data.  The CPUC's Information Requests provide as follows:

> 5. All Respondent voice providers that file Form 477 reports with the FCC are directed to provide to the Commission a copy of all such reports filed during the last year. In addition, Respondent voice providers are required to provide this information, and the following additional information, on the template attached hereto as Appendix B.1:
>
>    a. Census Block (breaking out the Census Tract information already provided)[;]
>
>    b. To the extent that Respondent entities provide voice service over their own facilities, please provide the total number of households passed with access to voice services (VGE**2** or VoIP) (e.g., and hereafter, households able to subscribe to such services); and
>
>    c. To the extent that Respondent entities provide voice service over their own facilities, please provide the total number of businesses passed with access to voice services (VGE or VoIP) (e.g., and hereafter, businesses able to subscribe to such services).
>
> 6. All California broadband provider Respondents that file Form 477 fixed broadband deployment and subscription data with the FCC, and all Respondents with broadband affiliates that file such data, are ordered to provide to the Commission a copy of all such reports filed with the FCC during the last year. In addition, such broadband providers are ordered to provide the 477 data, and the following additional information, on the template attached hereto as Appendix B.2:
>
>    a. To the extent that the Respondent entities provide broadband access service over their own facilities, please provide the total number of households passed;

- 9 -
COMPLAINT FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, PERMANENT INJUNCTION, AND DECLARATORY JUDGMENT

   b. Total number of households subscribed (by census block);

   c. To the extent that Respondent entities provide broadband access service over their own facilities, please provide the total number of businesses passed;

   d. Total number of businesses subscribed to broadband access service; and

   e. Distribution of customers by speed tier, as shown in Appendix B.2.

  7. All Respondents offering mobile voice and/or broadband services in California, or whose affiliates are offering such service, are ordered to provide to the Commission a copy of all mobile voice deployment data, mobile broadband service availability data, mobile broadband deployment data, and mobile broadband subscription data filed with the FCC during the last year. In addition, such mobile providers are ordered to provide the 477 data, and the following additional data elements as of the date of your last Form 477 filing (with subscription and deployment data), as shown more fully on the attached spreadsheet template (Attachment B.3):

   a. Census Block (breaking out the Census Tract information already provided);

   b. Number of Subscribers;

   c. Actual [average] speeds offered; and

   d. The number of subscribers by speed tier.

OII at B-2 to B-4.

  21. The CPUC assigned an ALJ as the "presiding officer" to oversee its Investigation. Certain Plaintiffs asked the ALJ to narrow the topics of investigation and exclude Form 477 data entirely. The ALJ refused that request on February 4, 2016. [3] *See* Ruling on Pending Motions and Issues Discussed at January 20, 2016 Prehearing Conference at 12-14 (Toller Decl., Ex. 4).

---

[3] Similarly, certain Plaintiffs requested that the Commission remove broadband providers as named respondents/parties the proceeding.

- 10 -
COMPLAINT FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION,
PERMANENT INJUNCTION, AND DECLARATORY JUDGMENT

DWT 29495552v1 0107080-000297

22. On March 4, 2016, the ALJ initially concluded that Form 477 data should be disclosed, but only to the CPUC itself. *See* Administrative Law Judge's Ruling Adopting Protective Order at 8-11 (Toller Decl., Ex. 7). Even this ruling did not adequately reflect all of the confidentiality standards that the FCC imposes on a state commission that seeks to obtain Form 477 data from the FCC.

23. On April 1, 2016, the ALJ revised that earlier ruling and determined that Form 477 data could be shared with third parties pursuant to a protective order that the ALJ drafted. *See* Administrative Law Judge's Ruling on Remaining Protective Order Issues, and Other Issues, dated April 1, 2016 (Toller Decl., Ex. 6). The ALJ arrived at this conclusion by balancing what he perceived to be the Plaintiffs' interest in confidentiality against the interests of other parties who want the data. *See id.* The ALJ did not reconcile this ruling with the purposes and objectives of federal law, as set forth by the FCC.

24. Third parties are actively seeking this information. On March 29, 2016, consumer-advocacy group The Utility Reform Network ("TURN") sought Form 477 data from certain Plaintiffs through party discovery. These Plaintiffs objected. On April 19, 2016, TURN moved to compel the production of these data.

25. On May 3, 2016, the Assigned Commissioner and ALJ ruled in TURN's favor and ordered these Plaintiffs to produce the data on May 6, 2016. See Assigned Commissioner and Administrative Law Judge's Ruling on Turns Motion to Compel, Comcast's Objection to Writers Guild of America's Acknowledgment, and Outstanding Motions for Reconsideration, and Other Issues, dated May 3, 2016 ("AC/ALJ Ruling") (Toller Decl., Ex. 8). As detailed *infra* ¶¶ 33-35, the

- 11 -
COMPLAINT FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, PERMANENT INJUNCTION, AND DECLARATORY JUDGMENT

DWT 29495552v1 0107080-000297

AC/ALJ Ruling also summarily denied motions in which certain Plaintiffs had sought the full CPUC's reconsideration of related ALJ rulings. *Id.*

26. Like TURN, other third parties, including direct competitors of the Plaintiffs and those whose interests they represent, may likewise obtain this information subject to the protective order the ALJ adopted.

27. Much of the information sought in this proceeding is even more granular and, therefore, more competitively sensitive, than the FCC collects through Form 477. *See* Declarations filed in support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. This information, therefore, is entitled to at least as much protection as the FCC has determined should apply to the Form 477 data itself.

28. These unprecedented efforts to force the Plaintiffs, their affiliates, and those whose interests they represent to share this competitively sensitive, confidential information with parties not entitled to access it under federal law — parties who either do not possess the same economic incentive to keep it confidential or are competitors of certain Plaintiffs and thus have an economic interest in obtaining and using it — pose an unacceptable risk of unauthorized disclosure.

**The Plaintiffs' Efforts to Secure Pre-Disclosure Administrative
Relief From The CPUC Have Failed**

29. The Plaintiffs have sought to secure review by the full CPUC of the ALJ's rulings before being required to disclose Form 477 data. On March 8, 2016, certain Plaintiffs sought reconsideration of the ALJ's February 4, 2016 refusal to remove Form 477 data from the scope of the CPUC's ratemaking proceeding. On March 11, 2016, those Plaintiffs sought a stay of all the

- 12 -
COMPLAINT FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION,
PERMANENT INJUNCTION, AND DECLARATORY JUDGMENT

DWT 29495552v1 0107080-000297

challenged information requests until the CPUC could resolve that reconsideration motion. These motions were denied in the AC/ALJ Ruling.

30. On April 14, 2016, certain Plaintiffs asked the full CPUC to reconsider the ALJ's April 1, 2016 ruling. This motion was denied in the AC/ALJ Ruling. On April 26, 2016, certain Plaintiffs asked that the CPUC hold in abeyance any otherwise authorized party discovery until the CPUC resolves the outstanding motions. This motion was denied in the AC/ALJ Ruling.

31. Before filing this complaint, the Plaintiffs requested emergency relief from the CPUC, explaining that if the ALJ or the Assigned Commissioner did not issue a stay by mid-day on May 5, 2016, they would be forced to consider pursuing judicial review. On May 5, 2016 the ALJ issued a ruling denying Plaintiffs request for stay (Toller Decl., Ex. 10).

## CLAIMS FOR RELIEF

**First Claim for Relief Against All Defendants: Violation of Article VI of the United States Constitution**

32. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

33. The Supremacy Clause of Article VI of the Constitution of the United States bars the CPUC from adopting any rule that conflicts with federal law.

34. The FCC, exercising congressionally delegated authority, has made a policy judgment that the confidential, competitively sensitive information it collects on Form 477 must not be made available to state commissions unless they agree to abide by federally mandated confidentiality protections.

- 13 -
COMPLAINT FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, PERMANENT INJUNCTION, AND DECLARATORY JUDGMENT

35. The FCC also expressly requires a state public utility commission that obtains Form 477 data to commit not to disclose that information to third parties outside of the Commission's employment.

36. Federal policy prohibits the CPUC from allowing third parties to evade the requirements that would attach to their attempts to secure Form 477 data directly from the FCC by allowing third parties to seek it via discovery requests.

37. The ALJ has ordered certain Plaintiffs and their affiliates to disclose Form 477 data to a third party, TURN (and, it appears, to other parties that sign a protective order acknowledgment), in violation of the FCC's determinations that such data should not be disclosed to third parties.

38. The ALJ's decision accordingly conflicts with federal law, by standing as an obstacle to the full achievement of the purposes of federal law and by interfering with the federal policy judgment about how best to achieve those goals. Federal law, therefore, preempts any enforcement of that decision and any similar decision directing the Plaintiffs, their affiliates, and those whose interests they represent to share their Form 477 data with third parties.

39. The ALJ's decision is also foreclosed by the express condition, embodied in its form letter, that the FCC imposes on state commissions that seek to obtain the data.

40. Those Plaintiffs who participated in the CPUC proceedings have diligently pursued review of and relief from the ALJ's rulings before the full CPUC. The Assigned Commissioner and ALJ summarily denied all motions for reconsideration without bringing them to the full CPUC for review and consideration.

41. If the Plaintiffs, their affiliates, and those whose interests they represent are nonetheless forced to comply with the AC/ALJ Ruling, they will suffer irreparable harm by being

- 14 -
COMPLAINT FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, PERMANENT INJUNCTION, AND DECLARATORY JUDGMENT

forced to disclose this information to TURN (and, it appears, other parties that sign a protective order acknowledgment) and to bear an unacceptably high risk of other, unauthorized disclosures in the future, forever losing a portion of the investments they have made in, and the value they gain from, keeping this information confidential with respect to this proceeding.

42. WHEREFORE, Plaintiffs pray for judgment and relief as set forth below.

**Second Claim for Relief Against All Defendants: Violation of the Fourth Amendment to the United States Constitution**

43. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

44. The Fourth Amendment to the Constitution of the United States, applicable to the state of California by the Fourteenth Amendment to the Constitution of the United States, protects the Plaintiffs, their affiliates, and those whose interests they represent from unreasonable searches and seizures of their private business records.

45. A government search conducted without legal authority or one that is not reasonably relevant is unreasonable within the Fourth Amendment's meaning.

46. Pursuant to the Supremacy Clause, the CPUC lacks the authority to compel the Plaintiffs, their affiliates, and those whose interests they represent to disclose to third parties the data the AC/ALJ has ordered the Plaintiffs and their affiliates to disclose.

47. Further, the confidential Form 477 data at issue concerning VoIP, wireless, and broadband services are irrelevant to the stated purpose of the investigation, which relates to traditional landline telecommunications services.

48. The ALJ has nonetheless ordered certain Plaintiffs and their affiliates to produce that information without those confidentiality protections.

- 15 -
COMPLAINT FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, PERMANENT INJUNCTION, AND DECLARATORY JUDGMENT

DWT 29495552v1 0107080-000297

49. Those Plaintiffs who participated in the CPUC proceedings have diligently pursued review of and relief from the ALJ's order before the full CPUC. The Assigned Commissioner and ALJ summarily denied all motions for reconsideration without bringing them to the full CPUC for review and consideration.

50. Those Plaintiffs have a constitutional right to review of the ALJ's decision before they can be forced to disclose the data.

51. 42 U.S.C § 1983 provides the Plaintiffs with a remedy in federal court to vindicate their constitutional privacy interests.

52. If the Plaintiffs, their affiliates, and those whose interests they represent are nonetheless forced to comply with the AC/ALJ Ruling, they will suffer irreparable harm by being forced to disclose this information to TURN and to bear an unacceptably high risk of other, unauthorized disclosures in the future, forever losing both their right to seek vindication of their constitutional rights prior to such disclosure and a portion of the investments they have made in, and the value they gain from, keeping this information confidential with respect to this proceeding.

53. WHEREFORE, Plaintiffs pray for judgment and relief as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs pray for judgment as follows:

1. A preliminary injunction, pending a decision on the merits, that enjoins the CPUC and the ALJ from enforcing any order directing the Plaintiffs, their affiliates, and those whose interests they represent to disclose their Form 477 data to TURN or to any other party in this proceeding and requires the CPUC agrees to abide by federally mandated disclosure requirements;

- 16 -
COMPLAINT FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, PERMANENT INJUNCTION, AND DECLARATORY JUDGMENT

DWT 29495552v1 0107080-000297

2. A temporary restraining order, pending a hearing on the Plaintiffs' request for a preliminary injunction, to the same effect;

3. A permanent injunction to the same effect;

4. A declaratory judgment to the same effect;

5. An award of their costs and expenses, including reasonable attorney's fees and costs of suit, *see* 42 U.S.C. § 1988; and

6. Any other and additional relief the Court may deem just and proper.

May 5, 2016                                                                 DAVIS WRIGHT TREMAINE, LLP


By _____/s/ Martin L. Fineman_____
        Martin L. Fineman

*Attorneys for Comcast Phone of California, LLC*

- 17 -
COMPLAINT FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, PERMANENT INJUNCTION, AND DECLARATORY JUDGMENT

|    |    |
|----|----|
| 1  | MATTHEW H. MARMOLEJO (SBN 242964) |
| 2  | MAYER BROWN, LLP |
| 3  | 350 South Grand Avenue, 25th Floor |
|    | Los Angeles, CA  90071-1503 |
| 4  | Telephone: (213) 229-9500 |
|    | Facsimile: (213) 625-0248 |
| 5  | Email: mmarmolejo@mayerbrown.com |
| 6  |    |
|    | CHRISTIAN F. BINNIG* |
| 7  | J. TYSON COVEY* |
|    | MAYER BROWN, LLP |
| 8  | 71 South Wacker Drive |
|    | Chicago, IL 60606 |
| 9  | Telephone: (312) 782-0600 |
| 10 | Email: cbinnig@mayerbrown.com |
| 11 |    |
|    | SCOTT H. ANGSTREICH* |
| 12 | KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C. |
| 13 | 1615 M Street, N.W., Suite 400 |
|    | Washington, D.C. 20036 |
| 14 | Telephone: (202) 326-7900 |
| 15 | Email: sangstreich@khhte.com |
| 16 | ISABELLE SALGADO (SBN 142313) |
|    | GREGORY L. CASTLE (SBN 111404) |
| 17 | DAVID P. DISCHER (SBN 121218) |
| 18 | DAVID J. MILLER (SBN 161201) |
|    | AT&T SERVICES, INC. |
| 19 | 2150 Webster Street, 8th Floor |
|    | Oakland, CA 94612 |
| 20 | Telephone: (510) 645-4581 |
|    | Email: gc1831@att.com |
| 21 |    |
| 22 | *Attorneys for Plaintiffs New Cingular Wireless PCS, LLC d/b/a AT&T Mobility and Pacific* |
| 23 | *Bell Telephone Company d/b/a AT&T California* |

- 18 -
COMPLAINT FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, PERMANENT INJUNCTION, AND DECLARATORY JUDGMENT

DWT 29495552v1 0107080-000297

| | |
|---|---|
| 1 | LESLA LEHTONEN (SBN 95619) |
| | CALIFORNIA CABLE & TELECOMMUNICATIONS ASSOCIATION |
| 2 | 1200 K Street |
| 3 | Sacramento, CA 95814 |
| | Telephone: (916) 446-7732 |
| 4 | Email: Lesla@calcable.org |

*Attorney for Plaintiff California Cable & Telecommunications Association*

SUZANNE TOLLER (SBN 129903)
MARTIN L. FINEMAN (SBN 104413)
ZEB ZANKEL (SBN 298919)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111-6533
Telephone: (415) 276-6500
E-mail: suzannetoller@dwt.com

PETER KARANJIA*
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue, N.W.
Suite 800
Washington, D.C. 20006-3401
Telephone: (202) 973-4256
Email: peterkaranjia@dwt.com

*Attorneys for Comcast Phone of California, LLC*

MARGARET L. TOBIAS (SBN 191022)
TOBIAS LAW OFFICE
460 Pennsylvania Ave
San Francisco, CA 94107
Telephone: (415) 641-7833
Facsimile: (415) 641-7099
Email: marg@tobiaslo.com

*Attorney for Cox California Telcom, LLC*

- 19 -
COMPLAINT FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, PERMANENT INJUNCTION, AND DECLARATORY JUDGMENT

DWT 29495552v1 0107080-000297

HENRY WEISSMANN (SBN 132418)
FRED A. ROWLEY, JR. (SBN 192298)
THANE M. REHN (SBN 296197
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 683-9150
Facsimile: (213) 683-5150
Email: henry.weissmann@mto.com

*Attorneys for Plaintiff Cellco Partnership d/b/a Verizon Wireless and MCI Communications Services, Inc.*

MICHAEL B. DAY (SBN 70604)
GOODIN, MACBRIDE, SQUERI & DAY LLP
505 Sansome Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 392-7900
Email: Mday@goodinmacbride.com

*Attorney for Plaintiff CTIA-The Wireless Association®*

\* *Pro hac vice* application forthcoming

- 20 -
COMPLAINT FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION,
PERMANENT INJUNCTION, AND DECLARATORY JUDGMENT

DWT 29495552v1 0107080-000297