UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW CINGULAR WIRELESS PCS LLC, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>MICHAEL PICKER, et al.,<br><br>        Defendants. | Case No. 16-cv-02461-VC<br><br>**ORDER GRANTING MOTION FOR A PRELIMINARY INJUNCTION**<br><br>Re: Dkt. Nos. 8, 18 |

    The plaintiffs' motion for a preliminary injunction is granted. The CPUC defendants are enjoined from enforcing the Commission's May 3, 2016 ruling compelling the plaintiffs to disclose the subscription data to TURN (or other third parties) until cross-motions for summary judgment are adjudicated. A hearing on the cross-motions for summary judgment will take place on August 4, 2016 at 10 am, and the parties can expect a ruling shortly after that date.[1]

    "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Arc of Cal. v. Douglas*, 757 F.3d 975, 983 (9th Cir. 2014) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011)). Courts in the Ninth Circuit "evaluate these factors via a sliding scale approach, such that serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the

---

[1] If the parties are unavailable August 4th, they may stipulate to a hearing on the Court's regular civil law and motion calendar in the latter half of July or in the latter half of September.

public interest." *Arc of Cal.*, 757 F.3d at 983 (quoting *All. for the Wild Rockies*, 632 F.3d at 1131, 1135) (internal quotation marks omitted).

On the merits, at a minimum there is a serious preemption question. Indeed, considering the parties' submissions thus far, the plaintiffs have shown a likelihood of success. Although the FCC materials cited by the plaintiffs are not crystal clear on whether federal law allows a state commission to disclose this kind of data to a third party pursuant to a protective order, those materials suggest the answer is "no." For example, one regulation states that the FCC may only provide this kind of data to a state commission if the commission "has protections in place that would preclude disclosure of any confidential information." 47 C.F.R. § 1.7001(d)(4)(i). And the FCC's form agreement regarding data sharing with state commissions requires those commissions to affirm "that the requested data will not be shared with any individuals who are not direct employees" of the state commission. FCC Form 477 Data-Sharing Agreement with State Regulatory Commission (2009).[2] These provisions seem to stand for the proposition that federal law precludes state commissions from sharing this kind of data with third parties under any circumstances. If that's right, the CPUC's decision to require the plaintiffs to disclose the data to TURN and other third parties would conflict with federal law and therefore be preempted.

The defendants respond primarily by citing FCC materials that describe the important role state commissions play in regulating the telecommunications industry. These materials emphasize that state commissions, to effectively perform their roles in this federal-state regulatory scheme, need access to the kind of data at issue here. *See, e.g.*, *Nat'l Ass'n of Regulatory Util. Comm'rs Petition for Clarification or Declaratory Ruling that No FCC Order or Rule Limits State Auth. to Collect Broadband Data*, 25 FCC Rcd. 5051, ¶¶ 9, 10 & n.30 (2010). But that's beside the point. Nobody disputes that the state commissions themselves need this kind of data. The issue presented by this preliminary injunction motion is whether the state commissions may require the data to be disclosed to third parties.

---

[2]https://transition.fcc.gov/form477/letter-of-agreement-format-2009.pdf.

The defendants also argue that because the CPUC has obtained the data directly from the regulated parties rather than from the FCC, the FCC provisions relied upon by the plaintiffs don't apply.  In other words, the FCC provisions by their terms merely speak to the transfer of data directly from the FCC to the state commissions, and condition that transfer on nondisclosure.  Therefore, according to the defendants, the same condition doesn't apply where a state commission uses its regulatory power to obtain the data directly from regulated parties.  That argument can't be right.  It would make no sense for the FCC to impose serious confidentiality restrictions on data it shares with state commissions if those state commissions could readily avoid the restrictions by forcing regulated parties to provide the data directly.

None of this is to say the preemption question is easy.  Perhaps, for example, the word "disclosure" in section 1.7001(d)(4)(i) merely means disclosure to the general public, in which case it might be permissible for a state commission to provide this kind of data to certain third parties subject to a protective order.  Or perhaps the disclosure of the data by a state commission to certain third parties subject to a protective order would be appropriate if federal law permitted the FCC to make a similar disclosure under similar circumstances.  *See* § 1.7001(d)(4)(iii); *Local Competition & Broadband Reporting*, 15 FCC Rcd. 7717, ¶ 95 (2000).[3]  There is also a question whether some of the materials relied on by the plaintiffs — such as the FCC's form agreement governing data sharing with state commissions — have the force of law, and if not, how that affects the preemption analysis.  *Cf. Wyeth v. Levine*, 555 U.S. 555, 576 (2009).  But the defendants, in their response to the preliminary injunction motion, did not meaningfully address these issues, so the Court must conclude that the plaintiffs have met their burden with respect to the merits at this early stage in the process.

The remaining three factors in the preliminary injunction analysis overwhelmingly favor the plaintiffs.  First, if federal law indeed precludes the CPUC from requiring this disclosure, the plaintiffs will suffer irreparable harm absent injunctive relief — the disclosure cannot be undone.

---

[3] Perhaps there are even past examples of the FCC disclosing this kind of data (or similarly sensitive information) to third parties under a protective order.

*Cf. CBS Corp. v. FCC*, 785 F.3d 699, 708 (D.C. Cir. 2015).

Second, regarding the balance of hardships, the defendants will suffer virtually no harm if disclosure of the data to TURN and any other parties is delayed for two or three months while cross-motions for summary judgment are adjudicated. The CPUC already has the data, and can continue to use it in furtherance of its investigation. As for TURN's role in the investigation, counsel acknowledged at argument that TURN can still meaningfully participate in the proceeding, even without receiving the underlying data, by advocating to the CPUC about how the CPUC itself should analyze the data. And counsel for CPUC acknowledged at argument that it has experts on staff who are capable of digesting and analyzing the data themselves. The investigation can therefore continue while the preemption issue is adjudicated (and the investigation can be supplemented with TURN's own analysis of the data if the defendants ultimately prevail and the plaintiffs are required to disclose it).

Third, the public interest weighs in favor of interim relief. California residents have an interest in ensuring the CPUC conducts its investigations in a manner that does not conflict with federal law. The public has an interest in ensuring thorough judicial review before government disclosure of sensitive information. And the CPUC has been unable to articulate how its investigation would be rendered less effective by the short delay in disclosure of the data to TURN and other third parties, pending adjudication of the merits of the plaintiffs' claims.

**IT IS SO ORDERED.**

Dated: May 20, 2016

_____
VINCE CHHABRIA
United States District Judge