UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW CINGULAR WIRELESS PCS LLC, et al.,<br><br>           Plaintiffs,<br><br>      v.<br><br>MICHAEL PICKER, et al.,<br><br>           Defendants. | Case No.  16-cv-02461-VC<br><br>**ORDER GRANTING MOTION FOR CLARIFICATION**<br><br>Re: Dkt. No. 112 |

      The CPUC has filed an "emergency" motion for clarification of two points relating to the preliminary injunction issued on May 20, 2016, and the Court's Order enforcing that injunction issued on August 3, 2016.  Dkt. Nos. 65, 104.

      First, the CPUC wants to know if the preliminary injunction applies to any data the CPUC may have gathered outside the context of the investigation that gave rise to this lawsuit.  The answer to that question is obviously no.  This lawsuit is a challenge to the ALJ's ruling that certain data must be disclosed to third parties in connection with a particular investigation.  Any data the CPUC may have gathered elsewhere, and may wish to disclose to third parties outside the context of this investigation, is not the subject of this lawsuit, and therefore not covered by the preliminary injunction.  However, it bears noting that the CPUC still has its own obligation to follow the law.  The fact that this injunction does not apply to certain conduct should not be construed as authority to engage in that conduct, if that conduct is otherwise unlawful.

      Second, the CPUC wants to know if a postgraduate intern from the Goldman School of Public Policy, who is paid by an outside organization, can use or access the data.  The answer to that question is also no.  The preliminary injunction ruling states that nobody other than a "direct

employee" may access the data.  At least on the current record, the postgraduate intern who is paid by an outside organization cannot be considered a "direct employee."  Moreover, prior to the hearing on the motion for a preliminary injunction, the Court issued a series of written questions for the parties to consider.  *See* Dkt. No. 60.  One of those questions asked the parties whether it would be acceptable to allow outside consultants under contract with the CPUC to analyze the data under appropriate confidentiality restrictions.  At the hearing, counsel for the CPUC responded to this question as follows: "we do have our own internal staff that reviews and analyzes this data.  I think just from a practical standpoint the suggestion [to allow the CPUC to use outside contractors] would probably not be workable for us."  Hr'g Tr., Dkt. No. 76, at 9:10–13.  If, as the CPUC's motion for clarification suggests, the answer to the Court's question was "yes," because in fact the CPUC was already working with outside contractors to analyze the data, the appropriate time to raise the issue would have been at the hearing on the motion for a preliminary injunction.

**IT IS SO ORDERED.**

Dated: August 19, 2016

_____
VINCE CHHABRIA
United States District Judge