UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW CINGULAR WIRELESS PCS LLC, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>MICHAEL PICKER, et al.,<br><br>          Defendants. | Case No.  16-cv-02461-VC<br><br>**ORDER OF DISMISSAL** |

In a regulatory proceeding, the CPUC ordered the plaintiffs to disclose subscription data to third parties.  The plaintiffs filed this lawsuit to prevent the CPUC from enforcing the order, contending that it was preempted by federal law and violated the Fourth Amendment.  This court preliminarily enjoined the CPUC from enforcing the order, finding that the CPUC's responses to the federal preemption argument were inadequate (such that there were at least "serious questions" going to the merits) and that the other preliminary injunction factors cut strongly in favor of the plaintiffs.

The parties then filed cross-motions for summary judgment.  The plaintiffs abandoned their Fourth Amendment argument (which in any event was frivolous), but pressed their federal preemption argument.  The Court rejected the preemption argument, ruling that federal law does not preempt state regulatory agencies from requiring disclosure of the subscription data to third parties, so long as the disclosure is pursuant to an appropriate protective order.  But the Court also denied the CPUC's cross motion for summary judgment, because the CPUC hadn't shown that the protective order adequately protected the data from public disclosure.

Meanwhile, the CPUC decided not to pause the regulatory proceeding.  Instead, it

proceeded without the assistance of third parties' review of the plaintiffs' subscription data. Then, several weeks after the summary judgment ruling, the CPUC terminated the regulatory proceeding. *See* Decision, *Order Instituting Investigation*, I15-11-007, 2016 WL 7243749 (Cal. P.U.C. Dec. 1, 2016). As a result, it is undisputed that the plaintiffs no longer need to comply with the CPUC's order requiring disclosure of subscription data to third parties. Therefore, this case is moot. *See Murphy v. Hunt*, 455 U.S. 478, 481 (1982); *Nw. Envtl. Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988).

The plaintiffs, for reasons that are not entirely clear, dispute the notion that the case is moot. In support of their argument against mootness, they now say they want a court ruling that the CPUC may not even keep the subscription data *itself*, at least unless it explicitly promises never to disclose that data to the public. The plaintiffs contend this was part of the lawsuit all along. But in support of that, they merely attempt to tease out a couple of sentences from their 17-page complaint which assert in passing that even the CPUC's own retention of the subscription data would fail to meet federal standards. When these passing references are considered in the context of the remainder of the complaint (not to mention every brief the plaintiffs have filed since the complaint), it's clear that this lawsuit was never about anything other than the CPUC's order that the plaintiffs disclose the data to third parties. *See Handa v. Clark*, 401 F.3d 1129, 1132 (9th Cir. 2005). And even if the case could somehow be broadened to cover concerns about the CPUC's disclosure of data to the public in some other context, that concern would be purely theoretical at this point. The CPUC is currently evaluating its process for determining the confidentiality of documents submitted by regulated entities, so any decision even on the abstract question of disclosure procedures consistent with federal law would aim at a moving target. *See Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1141 (9th Cir. 2000) (en banc); *US W. Commc'ns v. MFS Intelenet, Inc.*, 193 F.3d 1112, 1118 (9th Cir. 1999). And there is no reason to believe that the CPUC would disclose the subscription data to the public, particularly since it would almost certainly be a violation of California law to do so.

Accordingly, the preliminary injunction is dissolved, and the case is dismissed.

2

**IT IS SO ORDERED.**

Dated: January 12, 2017

_____

VINCE CHHABRIA
United States District Judge